Scott, J.
Samuel I). Bradford, as surviving executor of ¡the last will and testament of John Bradford, deceased, filed :kis petition in the court below to obtain a construction of the will of his testator.
By that will, a legacy of six hundred dollars was bequeathed to William Bradford, the present plaintiff, and it also contained a provision as follows : “ Now, if any of my heirs is dissatisfied and goes to law to break this will, then my will is and I direct that they shall have no part of my •estate, and I debar them from any part of my estate whatever.”
. The petition in the court below alleged, and the court found, that William Bradford, after, the probate of the will, *547 had instituted proceedings to contest and set aside the same, which resulted in a judgment sustaining the validity of the will. The court thereupon held, among other things, that the clause of the will above quoted was and is a good and valid provision, and that in virtue thereof the said William Bradford, having brought suit, as aforesaid, to set aside the will, had thereby forfeited all right to any share of the estate, and to the legacy of six hundred dollars; and a decree was entered accordingly.
The plaintiff here claims, among other things, that this portion of the decree was erroneous; that the clause of forfeiture, in the event of an attempt' to set aside the will, must be regarded as vn terrorem only, and therefore void in law. In the case of a condition subsequent such as this, and where the subject of disposition is personal estate, the doctrine of the English courts is, that the condition is to be regarded as in terrorem only, and that a legacy will not be forfeited by a contest of the will instituted by the legatee, unless by the terms of the will the legacy be given over to another, or be specially directed to fall into the residue, upon breach of the condition. But this doctrine has never been applied to devises of real estate. The distinction seems to have arisen from the fact that in England the ecclesiastical courts early adopted the rule of the civil law upon legatory questions, and this regarded such condition as in terrorem only. Courts of equity seem to have followed the rule of the ecclesiastical courts in respect to legacies, and that of the common law as to land. 1 Jarman on Wills, 850; 2 Williams on Executors, 1094 (star paging); 2 Eq. L. C. 340 et seq. That such a condition is valid, in a will of real estate, seems to be settled in England. Cooke v. Turner, 15 M. & W. 727. It would be difficult to assign a satisfactory reason, grounded upon principle, for holding otherwise in regard to personalty. In regar’d to both, it is the duty of the courts to carry out the intention of the testator, unless that intention be contrary to the policy of the law. No considerations of public policy require that an heir should contest the doubtful questions of fact or of law upon which the validity of a devise or a be *548 quest may depend. The determination of such questions ordinarily affects only the interests of the parties to the controversy. As was said by the court in the case of Goohe v. Turner, supra: “ There is no duty on the part of an heir, whether of perfect or imperfect obligation, to contest his ancestor’s sanity. It matters not to the state whether the land is enjoyed by the heir or devisee.”
We find no American decisions bearing directly upon the question; but we see no reason to doubt the soundness of the ground assumed by Judge Redfield in his work on the Law of Wills, where he says (page 679): “ The rule of the English law, as to conditions against disputing the will, annexed to some bequests, seems to be inji most absurd state of confusion. It is held, such a condition is void as to personalty, unless the legacy be given over, in the event of failure to perform the condition; but that such a condition is entirely valid as to real estate, whether there be any gift over or not. And it is agreed that there is no substantial ground for any distinction in this respect between real and personal estate. Hence we assume that in this country, any such condition, which is reasonable, — as one against disputing one’s will surely .is, as nothing can be more in conformity to good policy than to prevent litigation, — will be held binding and valid.”
We think, then, that the court below did not err in holding this condition to be valid, and that upon its breach the plaintiff’s legacy would pass to the general residuary legatees named in the will, without express words to that effect.
From certain findings of fact made by the court below, it appears that at the time when the plaintiff instituted proceedings to contest the will under which he now claims, the will had been admitted to probate by order of the court of common pleas, upon appeal from the probate court, but had not been fully and correctly recorded by the probate judge —that he had left blanks in the record of the will, where pen erasures and interlineations appeared in the original will as probated, which he subsequently filled up so as to correspond with the original. And the plaintiff here claims *549 that he contested the validity of the will as it appeared of record, which was different from the real will as proved and ordered to be recorded. The court below, however, has found that the will was admitted to probate, and that the plaintiff afterward contested it.' And we cannot say that the court erred in so finding. If the will was imperfectly recorded, it does not follow that the subsequent contest referred to the will as recorded. The issue of devisavit vel non, provided for by statute, is made upon the original writing purporting to be the will, and not upon the record of it. This issue may be made and tried at any time after the will has been admitted to probate, and before any actual record of it has been made. Such an issue draws in question, not the accuracy of the recorded copy, but the valid execution of the original.
There are other questions which the plaintiff in error seeks to raise, but in which he has no interest, if he is excluded by his contest of the will from the rights of a legatee. Of the rulings of the court upon other questions, those only whose rights were thereby affected can have a right to complain.

Motion overruled.

Brhxkeehoff, • C.J., and Welch, White, and Day, JJ., concurred.